UNITED STATES v. EL PASO & N. E. R. CO.

(District Court, W. D. Texas, El Paso Division. April 23, 1910.)

No. 1,408.

1. ANIMALS (§ 31*)—TRANSPORTATION FROM QUARANTINED DISTRICT—INDICTMENT.

Act March 3, 1905, c. 1496, § 2, 33 Stat. 1264 (U. S. Comp. St. Supp. 1909, p. 1185), which makes it unlawful for any railroad company to receive for transportation or transport from any quarantined state or territory, or from the quarantined portion of any state or territory, into any other state or territory, any cattle or other live stock, except as therein provided, applies only to the initial carrier, which transports stock from the quarantined district, and a connecting carrier, which receives the stock in another state or territory for further transportation, is not subject to punishment thereunder.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 81; Dec. Dig. § 31.*]

2. INDICTMENT AND INFORMATION—(§ 63*)—CONCLUSIONS OR FACTS—TRANSPORTATION OF ANIMALS FROM QUARANTINED DISTRICT.

An indictment charging a railroad company with having transported live stock from a quarantined district into another state, in violation of Act March 3, 1905, c. 1496, 33 Stat. 1264 (U. S. Comp. St. Supp. 1909, p. 1185), which avers that the Secretary of Agriculture gave notice of the establishment of such quarantine to the "proper officers" of defendant, is insufficient, as alleging a mere legal conclusion; nor is the establishment of such quarantine sufficiently alleged by stating that the Secretary "duly and legally established" it, but it must further show that he published the notice required by section 1 of the act, which is prerequisite to a criminal conviction.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 185; Dec. Dig. § 63.*]

The El Paso & Northeastern Railroad Company was indicted for a criminal offense. On demurrer to indictment. Demurrer sustained.

The indictment charges, in effect, that the defendant unlawfully transported two head of cattle from the territory of New Mexico into El Paso, Tex.; their ultimate destination being Wilcox, Ariz. It is alleged that Texas county, in the state of Oklahoma, was under quarantine for scabies existing among cattle, and that the two head were transported by the Chicago, Rock Island & Pacific Railway to the territory of New Mexico, and there delivered to the defendant for transportation to their destination. There is no allegation showing that the Secretary of Agriculture had published notice of the quarantine of Texas county, Okl., in a newspaper; but it is alleged that the Secretary of Agriculture had "duly and legally established" quarantine, of which he gave printed notice to the "proper officers" of the defendant. The foregoing statement, considered in connection with the demurrer interposed by the defendant to the indictment, sufficiently explains the nature of the case. The clauses of the demurrer, deemed necessary to notice, read as follows:

"Second. Because said indictment fails to charge any offense against the laws of the United States, in this, to wit: That it only charges that this defendant transported the two animals mentioned in the indictment from the territory of New Mexico into the state of Texas, but does not charge that the place from which this defendant transported said animals was quarantined by quarantine duly or legally established by the Secretary of Agriculture, but only charges that the animals transported by this defendant from the territory of New Mexico had some time previous to the time when they were so transported by this defendant been from a quarantined district in the state of

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Oklahoma, but said indictment does not charge that this defendant transported said animals from said quarantined district in the state of Oklahoma.

"Third. That said indictment simply charges that this defendant received for transportation and transported from the territory of New Mexico, not charged to be within any quarantined district established by the Secretary of Agriculture, the animals mentioned in the indictment.

"Fourth. Said indictment is further defective for the reason that it does not state to what officers of this defendant the Secretary of Agriculture of the United States gave printed notice of said quarantine, but simply charges that he gave notice to the proper officers, which is a conclusion of law, not a statement of facts.

"Fifth. Said indictment is further defective in that it does not show on its face that the Secretary of Agriculture had established a quarantined district, for the reason that it does not show that he had published any notice of the establishment of said quarantine as required by law."

Charles A. Boynton, U. S. Atty., and S. Engelking, Asst. U. S. Atty. Hawkins & Franklin, for defendant.

MAXEY, District Judge. The indictment is based on the act of March 3, 1905, the first and second sections of which read as follows:

"That the Secretary of Agriculture is authorized and directed to quarantine any state or territory or the District of Columbia, or any portion of any state or territory or the District of Columbia, when he shall determine the fact that cattle or other live stock in such state or territory or District of Columbia are affected with any contagious, infectious, or communicable disease; and the Secretary of Agriculture is directed to give written or printed notice of the establishment of quarantine to the proper officers of railroad, steamboat, or other transportation companies doing business in or through any quarantined state or territory or the District of Columbia, and to publish in such newspapers in the quarantined state or territory or the District of Columbia, as the Secretary of Agriculture may select, notice of the establishment of quarantine.

"Sec. 2. That no railroad company or the owners or masters of any steam or sailing or other vessel or boat shall receive for transportation or transport from any quarantined state or territory or the District of Columbia, or from the quarantined portion of any state or territory or the District of Columbia, into any other state or territory or the District of Columbia, any cattle or other live stock, except as hereinafter provided; nor shall any person, company, or corporation deliver for such transportation to any railroad company, or to the master or owner of any boat or vessel any cattle or other live stock, except as hereinafter provided; nor shall any person, company, or corporation drive on foot or cause to be driven on foot, or transport in private conveyance or cause to be transported in private conveyance, from a quarantined state or territory or the District of Columbia, or from the quarantined portion of any state or territory or the District of Columbia, into any other state or territory or the District of Columbia, any cattle or other live stock, except as hereinafter provided."

33 Stat. 1264, c. 1496 (U. S. Comp. St. Supp. 1909, p. 1185).

Owing to the pressure of official engagements the court can do little more than state its conclusions.

1. It was the intention of Congress, as manifested by the second section of the act, to punish only the carrier which transports cattle from a quarantined district, and not the carrier to which cattle may be subsequently delivered by the first carrier for transportation, although they may be from such a district. To be more specific: According to the allegations of the indictment, the Chicago, Rock Island & Pacific Railway Company received in Texas county, Okl., and transported to New Mexico, and there delivered to the defendant, the two head of cattle in question. The cattle were then transported by the defendant

to El Paso, Tex. Construing the law, as applied to the allegations of the indictment, the carrier amenable to punishment, if justified by all the evidence of the case, would be the Chicago, Rock Island & Pacific Railway Company, and not the defendant, since the latter did not transport, from a quarantined district, cattle to be transported into any state or territory. In other words, the initial carrier, receiving or transporting the cattle, and not subsequent ones, would be punishable under the act.

2. It is objected by the second ground of demurrer that the indictment does not name the officers to whom the Secretary of Agriculture gave the printed notice of the establishment of quarantine. The indictment alleges that the printed notice was given to the "proper officers" of the defendant. The allegation is a mere legal conclusion, and manifestly insufficient. The indictment should give the name of the officer to whom the notice was given.

3. The objection assigned by the fifth clause of the demurrer is that the indictment is defective in failing to show that the Secretary of Agriculture had established a quarantine district, for the reason that it fails to disclose that he had published notice of the establishment of quarantine as the law required. The first section of the act explicitly directs the Secretary, not only to give written or printed notice of the establishment of quarantine to the proper officers of the carriers, but to publish in such newspapers, in the quarantine district, as he may select, notice of the establishment of quarantine. The publication of the statutory notice is a prerequisite to the conviction of one charged with crime, and the indictment should clearly allege the fact of such publication. The allegation that the Secretary duly and legally established quarantine states only the conclusion of the pleader as matter of law, which is not sufficient in criminal pleading. See United States v. Louisville & N. R. R. Co. (D. C.) 165 Fed. 936.

The court is of the opinion that the demurrers should be sustained, and it is so ordered.